IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **DONOVAN HOWARD,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-12-135 |
| **TUTS INC.,** | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

This case was filed originally on August 17, 2011, by Plaintiff Donovan Howard *pro se* in Baltimore City Circuit Court, alleging Title VII employment discrimination and retaliation, violation of the Maryland Fair Employment Practices Act, and violation of the Maryland Occupational Safety and Health regulations. (Compl., ECF No. 2.) In his complaint's first numbered paragraph, Howard also asserted a cause of action under "FRCP Rule 41 for Obstruction of Justice by concealing Plaintiff's Personnel File." (*Id.*) Howard alleged he was discriminated against on the basis of gender and had been subjected to a hostile work environment. (*Id.*, unnumbered paragraphs.)

Defendant Tuts Inc. was alleged to have operated a residential group home in Baltimore, where Howard began work on January 5, 2009, as a case manager / school liaison. (*Id.*) He further alleged that he was assaulted on April 23, 2009, by a resident of the group home and suffered severe physical injuries and was assaulted again on July 10, 2009, also suffering severe injuries from the second attack. (*Id.*) After the first assault, he alleged he requested a transfer from the unit supervised by Nicole Powell because she treated him differently and made complaints about him; Howard alleged his injury "may be the contributing factor and causation

that led to [Plaintiff]'s being targeted, purposefully harassed, maltreated, yelled at by the supervisor office loud enough to be heard by other co-workers in the office. This was followed by derogatory comments falsely reflecting upon [Plaintiff]'s work, and threats of dismissal." (*Id.* [sic].) Further, Howard alleged that his written reports recommending dismissal of certain residents from the group home's program were protected activity that also may have been a contributing and motivating factor to his adverse and hostile treatment. (*Id.*) He received a letter threatening termination on June 19, 2009, and a negative employment evaluation three days later. (*Id.*) On June 26, 2009, the executive director requested Howard move out of his office and stated his duties would be fully reassigned on July 13, 2009. (*Id.*) One of the ways in which he claimed Tuts retaliated against him was interference with the "workers' compensation wage process." (*Id.*)

Tuts was served on December 15, 2011, and removed the case to this Court on January 12, 2012, on the basis of federal-question jurisdiction due to the Title VII claim and supplemental jurisdiction over the similar state law employment discrimination claim. (ECF No. 2.) On January 17, 2012, Howard filed a motion for leave to file an amended complaint dropping his Title VII claim and his "FRCP Rule 41" claim; in the same filing, he requested his case be transferred from this Court to Baltimore City Circuit Court. (ECF No. 8.)

Two days later, Tuts filed a motion to dismiss for failure to state a claim, noting the absence of factual allegations supporting a claim of gender discrimination or of retaliation for engaging in protected activity within the meaning of Title VII, and further noting the Maryland Occupational Health and Safety Act does not provide for a private right of action. Additionally, Tuts asserted no cause of action exists under "FRCP Rule 41" for obstruction of justice, regardless of whether Howard was referring to the Federal Rules of Civil Procedure or the Federal Rules of Criminal Procedure. (ECF No. 9.)

If Tuts's motion to dismiss were the only motion before the Court, then it would be granted on its merits. However, Howard's motion for leave to amend his complaint must be addressed before Tuts's motion to dismiss. And before Howard's motion for leave to amend may be addressed, the Court must first address Howard's motion for recusal of the undersigned, a motion filled with scurrilous attacks on this judge's integrity and the integrity of defense counsel. (ECF No. 19.)

Howard accuses the undersigned of bias and prejudice against him personally, of bias and prejudice against him because he is "an unrepresented minority litigant of color," of impropriety in granting Tuts an order of removal, and of bias and prejudice based on an "apparent association" with defense counsel, David L. Feinberg, Esquire, whom Howard labels as "conniving." (*Id.*) Without hesitation, the Court finds all of these accusations to be the products of a vivid imagination and based on no evidence whatsoever. The undersigned has no knowledge of Howard other than from his allegations in this case and has no reason to be biased or prejudiced against him personally. The undersigned also has no idea what color Howard is and, even if that were known, has never exhibited bias or prejudice for or against any litigant on the basis of color or of membership in a minority group of the population. As for the removal procedure, the Court issued no order accomplishing removal of this case from state court; removal is achieved by a party pursuant to the operation of statute, 28 U.S.C. § 1446, and does not require a court order. Although Howard has cited 28 U.S.C. § 1445(c) as a basis for finding improper removal, that statute only bars removal of civil actions arising under a State's workmen's compensation laws. Howard's complaint did not include a claim arising under Maryland's workmen's compensation laws. The Court finds no defect in the removal of this case to federal court. Lastly, the undersigned is unfamiliar with defense counsel, despite the possibility that he may have served as a law clerk to another judge of this Court five years ago.

Mr. Feinberg has never litigated a case in front of this judge, although he has litigated two cases in front of another judge of this Court, according to the Court's docket. Howard's *ad hominem* attacks on Mr. Feinberg are wholly improper. In summary, none of Howard's asserted bases for recusal has any merit and his motion will be denied.

The Court will grant Howard's motion for leave to amend his complaint. Tuts has opposed the motion on the ground that, even after the unmeritorious Title VII and "FRCP Rule 41" claims are no longer in the case, the remaining claims are equally without merit. (ECF No. 13.) Although Tuts may well be correct regarding the ultimate disposition of the other, nonfederal claims, that is not a basis for denying a plaintiff leave to amend in order to drop a cause of action. It is not appropriate to require a plaintiff to litigate a cause of action that he wishes to abandon. Accordingly, the Court will direct the Clerk to docket pages three through seven of Howard's motion to amend, beginning with "Statement of Facts" (ECF No. 8), as the Amended Complaint.

Because the only federal claims are no longer before the Court, it is within the Court's discretion to retain supplemental jurisdiction over the remaining claims or to remand the case to state court. 28 U.S.C. § 1367. The claims still in the case may be resolved in state court as well as in federal court, and no compelling reason exists to retain jurisdiction over them. Accordingly, the case will be remanded to Baltimore City Circuit Court and Tuts's motion to dismiss will be denied without prejudice. A separate order will issue.

DATED this <u>13th</u> day of March, 2012.

                                                    BY THE COURT:

                                                    _____/s/_____
                                                    James K. Bredar
                                                    United States District Judge